IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROOSEVELT LAND LP** )<br>**Corporation Trust Center** )<br>**1209 Orange Street** )<br>**Wilmington, DE  19801** )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>**CHRIS CHILDRESS** )<br>**1915 17th Street, NW** )<br>**Washington, DC 20009** )<br>)<br>and )<br>)<br>**STRONGHEART ENTERPRISES** )<br>**1915 17th Street, NW** )<br>**Washington, DC 20009** )<br>)<br>    **Defendants.** )<br>)  | **Civil No.:** |

## COMPLAINT

COMES NOW Plaintiff ROOSEVELT LAND LP, by and through the undersigned counsel, and respectfully presents this complaint against Defendants CHRIS CHILDRESS and STRONGHEART ENTERPRISES and alleges as follows:

### INTRODUCTORY STATEMENT

This is a civil action for fraud, conversion, breach of contract and violations of DC ST § 28-3904 arising from a construction agreement between Plaintiff and

Defendants. The Defendants, dealing fraudulently and in bad faith, entered into an agreement with the Plaintiff to remodel office space. After only a few months Defendants unilaterally ceased work on the premises and demanded additional monies, to which they were not entitled. In furtherance of their fraudulent scheme, Defendants submitted to Plaintiff falsified, counterfeit and otherwise misleading documentation to account for phony expenditures and explain the sudden purported need for cash. In reliance on the phony documents, Plaintiff paid Defendants additional money. Defendant never resumed work. Upon closer examination, Plaintiff realized that the documents were fraudulent and confronted the Defendants who, after admitting to the fraud, subsequently refused to return the money or complete the contract.

## JURISDICTION AND VENUE

1. Jurisdiction over this case arises under 28 USC § 1332 (a)(1). The Plaintiff is diverse to Defendants and this action is for damages in excess of $75,000 exclusive of interest, costs and attorney's fees.

2. Venue is proper under 28 USCA § 1391 (a)(2) as a substantial portion of the acts and omissions occurred in the District of Columbia.

## THE PARTIES

3. Plaintiff Roosevelt Land LP (hereinafter "RLLP") is limited partnership incorporated in Delaware.

4. RLLP is engaged in real estate acquisition and management.

5. Upon information and belief, Chris Childress (hereinafter "Childress") is a citizen of Washington, DC, as well as owner and agent of Strongheart Enterprises.

6.     Upon information and belief, Strongheart Enterprises (hereinafter "Strongheart") is a Washington, DC based entity.

## GENERAL ALLEGATIONS

7.     In 2004, RLLP purchased an office building at 1215 19th Street, NW, Washington, DC 20036 (hereinafter "the Building") and thereafter resolved to hire a contractor to remodel the second floor.

8.     In or about December, 2004, RLLP began discussions with Childress about the possibility of Strongheart's involvement in the planned remodeling of the second floor of the building (hereinafter "the Job"). Childress represented that she and Strongheart were adequately insured and licensed to perform the services they offered.

9.     In or about January, 2005, RLLP agreed to terms with Childress and Strongheart regarding the Job. Strongheart, through Childress, agreed to complete the Job for a total price of approximately $220,000.

10.     The terms of the agreement provided that Strongheart, through Childress, would receive approximately 50% of the agreed total cost up front (hereinafter "Initial Down Payment") and once they had completed 50% of the Job, they would receive weekly draws pegged to the corresponding percentage of completion.

11.     Soon thereafter, Strongheart and Childress began work on the Job.

12.     In or about March 2005, upon completion of the demolition phase, which represented approximately 15% of the Job, Childress and Strongheart ceased working and demanded that RLLP begin to release weekly draws.

13.     Having already paid approximately 50% of the total contract price and in light of the fact that the job was only 15% complete, RLLP initially refused Childress's demand

3

to pay over to Strongheart weekly draws, citing the agreement requiring payment in proportion to percentage completed.

14. Childress acknowledged that the Job was not 50% complete but informed RLLP that Strongheart would not resume work on the Job without additional payments.

15. Childress insisted that she had been forced to commit the entire Initial Down Payment towards materials and deposits and that she had properly appropriated the funds thusly.

16. Skeptical of this representation, RLLP requested that Strongheart submit an accounting of the various expenditures to verify Childress's claim that the money had indeed been properly appropriated towards materials and deposits necessary for completion of the Job.

17. Thereafter and in response to RLLP's request for an accounting, Childress produced by hand and by facsimile to William Boyer, an agent of RLLP, a series of invoices (hereinafter "the Invoices") which purported to demonstrate that Childress had properly appropriated the Initial Down Payment.

18. RLLP initially deemed the Invoices acceptable evidence of Strongheart's proper expenditure of the Initial Down Payment. Eager to restart work on the Job and in reliance on the apparently genuine Invoices provided to RLLP by Strongheart, RLLP remitted to Strongheart through Childress an initial draw in the amount of $15,000.

19. Out of caution, RLLP requested that Strongheart produce bank records that supported the Invoices. RLLP also requested proof of Childress's and Strongheart's contractor's license and insurance.

20. Some days later, Strongheart, through Childress, turned over to William Boyer computer printouts of bank records (hereinafter "the Bank Records") that purported to support and trace the expenditures enumerated in the Invoices.

21. Upon closer examination, RLLP discovered that the Bank Records and the Invoices had been intentionally and fraudulently altered to 'account' for the total expenditure of the Initial Down Payment.

22. RLLP also learned that contrary to their representations, neither Strongheart nor Childress was licensed or adequately insured to perform the services that they had contracted to perform.

23. RLLP raised questions about the authenticity of the Invoices and requested the certified versions of the Bank Records. Childress responded by informing RLLP that she was represented by counsel.

24. Shortly thereafter, RLLP and Childress, accompanied by counsel, met to discuss the situation. RLLP informed Childress's attorney of its concerns and suspicions regarding the authenticity of the Invoices and the Bank Records. RLLP requested and Childress agreed to produce certified versions of the Bank Records.

25. A day or two later, RLLP was informed that Childress's counsel had withdrawn from all representation of Childress or Strongheart.

26. Immediately thereafter, Childress contacted RLLP and admitted fabricating the Invoices and Bank Records to mislead RLLP into believing that she could account for the complete expenditure of the Initial Down Payment. Childress again agreed to produce certified versions of the Bank Records to show RLLP how the money had actually been spent. But RLLP never received the certified versions of the Bank Records and Childress

5

and Strongheart subsequently refused to remit to RLLP the Initial Down Payment or the initial draw.

27. Upon information and belief, Childress stole substantial portions of the monies paid to her by RLLP.

28. Upon information and belief, Childress misappropriated portions of the monies paid to her by RLLP to satisfy outstanding debts arising from previous instances or variations of the fraud perpetrated on RLLP.

**COUNT I**

**FRAUD**

29. Plaintiff incorporates the allegations in paragraphs 1-28 as if set forth fully herein.

30. A person has committed common law fraud if that person has made a false representation or willful omission with respect to a material fact with knowledge of its falsity and with intent to deceive the plaintiff, and the plaintiff acts in reliance on the false representation.

31. Childress's implied and averred representation that Strongheart would complete the Job under the terms of the contract was a false and material representation.

32. Childress and Strongheart did not intend to complete the job under the terms of the contract at the time they entered into it. Instead they intended to steal the Initial Down Payment and whatever additional payments were forthcoming from the outset of relationship.

33. Childress and Strongheart intended that RLLP rely on the false representation.

34. RLLP acted in reliance on Childress's false representation.

35.  RLLP suffered damages as a result of its reliance on Childress's material, fraudulent representation.

WHEREFORE Plaintiff Roosevelt Land LP demands judgment against Defendant Chris Childress and Defendant Strongheart Enterprises, severally and jointly, for compensatory damages, punitive damages, pre-judgment interest as provided by law, costs and other such relief as the Court may deem appropriate.  Plaintiff further prays for equitable relief in the form of rescission of the contract and imposition of a constructive trust or equitable lien against Strongheart or Childress pending adjudication of this action.

## COUNT II

## FRAUD

36.  Plaintiff incorporates the allegations in paragraphs 1-28 as if set forth fully herein.

37.  A person has committed common law fraud if that person has made a false representation or willful omission with respect to a material fact with knowledge of its falsity and with intent to deceive the plaintiff, and the plaintiff acts in reliance on the false representation.

38.  Childress's presentation, as an agent of Strongheart, to RLLP of falsified business records constitutes a series of false statements of material fact.

39.  Childress and Strongheart knew that the business records were false when she presented them to RLLP.

40.  Childress intended that RLLP rely on the false statements.

41.  RLLP relied on the false statements.

42.  RLLP suffered damage as a result of its reliance on the false statements.

WHEREFORE Plaintiff Roosevelt land LP demands judgment against Defendant Chris Childress and Defendant Strongheart Enterprises, severally and jointly, for compensatory damages, punitive damages, pre-judgment interest as provided by law, costs and other such relief as the Court may deem appropriate. Plaintiff further prays for equitable relief in the form of rescission of the contract and imposition of a constructive trust or equitable lien against Strongheart or Childress pending adjudication of this action.

## COUNT III

## CONVERSION

43. Plaintiff incorporates the allegations in paragraphs 1-28 as if set forth fully herein.

44. Conversion is the unlawful exercise of ownership, dominion, or control, of another's personal property in denial or repudiation of that person's property rights

45. Childress and Strongheart exercised unauthorized dominion and control over Plaintiff's property thereby depriving Plaintiff of the use and enjoyment of that property.

WHEREFORE Plaintiff Roosevelt Land LP demands judgment against Defendant Chris Childress and Defendant Strongheart Enterprises, severally and jointly, for compensatory damages, punitive damages, pre-judgment interest as provided by law, costs and other such relief as the Court may deem appropriate. Plaintiff further prays for equitable relief in the form of rescission of the contract and imposition of a constructive trust or equitable lien against Strongheart or Childress pending adjudication of this action.

## COUNT IV

## BREACH OF CONTRACT

46. Plaintiff incorporates the allegations in paragraphs 1-28 as if set forth fully herein.

47. Breach of contract requires a contract and subsequent breach.

48. RLLP and Strongheart Enterprises executed signed written agreements for the Job.

49. Strongheart breached the agreement through Childress's bad faith and fraudulent dealings.

WHEREFORE Plaintiff Roosevelt Land LP demands judgment against Defendant Chris Childress and Defendant Strongheart Enterprises, severally and jointly, for compensatory damages, pre-judgment interest as provided by law, costs and other such relief as the Court may deem appropriate. Plaintiff further prays for equitable relief in the form of rescission of the contract and imposition of a constructive trust or equitable lien against Strongheart or Childress pending adjudication of this action.

## COUNT V

## VIOLATION OF CONSUMER PROTECTION LAWS

50. Plaintiff incorporates the allegations in paragraphs 1-28 as if set forth fully herein.

51. RLLP is a "consumer" as defined by D.C. Code § 28-3901 (a) 2.

52. Defendants, Chris Childress and Strongheart are "merchants" as defined by D.C. Code § 28-3901 (a) 3.

53. The Defendants are in the business of providing "goods and services" as defined by D.C. Code § 28-3901.

54. Defendants engaged in unfair trade practices, as defined by D.C. Code § 28-3904, when they (a) misrepresented the status of their license to perform remodeling and construction work; (b) misrepresented their insurance status; (c) misrepresented

expenditures by presenting RLLP with fraudulent invoices; and (d) misrepresented the status of the Initial Down Payment by presenting RLLP with fraudulent bank records.

55. As a result of the above described violations of the District of Columbia Consumer Protection Laws, Plaintiff RLLP suffered damages.

WHEREFORE the above premises considered, Plaintiff Roosevelt Land LP prays for judgment, severally and jointly against the defendants on each and every count and request that Plaintiff be awarded treble damages, reasonable attorney fees and punitive damages as a result of the violations of the Consumer Protection laws, pursuant to D.C. Code § 28-3905(k).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Dated on this ___ day of June, 2005.

        SHARP & ASSOCIATES


By:_____
James E. Sharp (D.C. Bar No. 15534)
William F. Boyer (D.C. Bar No. 479421)
SHARP & ASSOCIATES
1215 19th Street, NW
Washington, DC 20036
Telephone: (202) 467-4114
Facsimile: (202) 467-1625

*Attorneys for Plaintiff*