IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROOSEVELT LAND L.P.  )<br>  )<br>    Plaintiff,  )<br>  )<br>    vs.  )<br>  )<br>CHRIS CHILDRESS  )<br>  )<br>and  )<br>  )<br>STRONGHEART ENTERPRISES  )<br>  )<br>    Defendants.  ) | Civil No.: 1:05-cv-01292 (RWR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT CHILDRESS' MOTION TO VACATE ENTRY OF DEFAULT**

Plaintiff Roosevelt Land L.P., by and through the undersigned counsel, hereby files this Memorandum of Points and Authorities in Opposition to Defendant Childress' Motion to Vacate Entry of Default, and states as follows:

**RECITIATION OF RELEVANT FACTS**

Plaintiff filed its Complaint in this action on June 28, 2005. Plaintiff hired a professional process server to serve the summons and Complaint upon Defendants pursuant to Fed.R.Civ.P. 4. The process server personally served Defendant Childress (1) in her personal capacity and (2) in her capacity as owner / agent of Defendant Strongheart Enterprises at her place of abode and business on the evening of Wednesday, August 24, 2005. See Affidavits and Return of Service, previously filed with the court as documents number 2 and 3, and attached hereto as Exhibits A & B.

Plaintiff, through counsel, filed the appropriate affidavits in support of default with the court on May 4, 2006, and May 5, 2006. Copies of these affidavits were mailed

to Defendants Childress and Strongheart Enterprises by the undersigned counsel on the same day they were filed. The Clerk entered default against Defendants Childress and Strongheart Enterprises on May 8, 2006.[1]

On May 19, 2006, having failed to file a single responsive pleading in the more than eight (8) months that had lapsed since Defendants Childress and Strongheart Enterprises were personally served with the summons and Complaint, Defendant Childress filed a Motion To Vacate Default. Plaintiff opposes this motion and files the instant Memorandum of Points and Authorities in Opposition to Defendant Childress' Motion to Vacate Entry of Default in support thereof.

## ARGUMENT

I. <u>Defendant Childress' Motion Should be Denied as it Fails to Comply with the Court's Rules</u>

The Rules of the United States District Court for the District of Columbia are simple, straightforward and posted on the Court's website. Local Civil Rule (hereinafter "LCvR") 7(g) governs motions to vacate default. It states: "A motion to vacate an entry of default…shall be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part." LCvR 7(g). Defendant Childress chose to ignore this requirement and filed her motion without a verified answer. For this reason alone her motion should be denied outright. See <u>Ali v. Mid-Atlantic Settlement Services, Inc.</u>, 233 F.R.D. 32, 35 (D.D.C. 2006) (denying motion to set aside entry of default, explaining:

---

[1] The Clerk corrected a typographical error on the Default on May 19, 2006.

2

"As a motion to vacate the entry of default, the motion is deficient since it is not accompanied by a verified answer as required by Local Civil Rule 7(g).").[2]

II.  Defendant Childress' Motion Should be Denied as She Has Not Made a Showing of Good Cause

Fed.R.Civ.P. 55(c) provides that a court may set aside an entry of default for good cause shown.  Courts determine whether there is "good cause" to set aside a default by balancing "whether: (1) the default was willful, (2) the alleged defense was meritorious, and (3) a set-aside would prejudice plaintiff."  International Painters and Allied Trades Union and Industry Pension Fund v. H.W. Ellis Painting Company, Inc., 288 F.Supp.2d 22, 26 (D.D.C. 2003).

   a.  *Defendant Childress Willfully Defaulted*

"A finding of bad faith is not a necessary predicate to the conclusion that a defendant acted 'willfully.'  The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable."  Int'l Painters, 288 F.Supp.2d at 26 (citations omitted).

Here, Defendant Childress flatly denies ever receiving the complaint or summons.  If this were true, it would not only be evidence of a lack of willfulness but it would even deny the Court of jurisdiction over her.  However, Defendant Childress' bald assertion that she was never served is false, as demonstrated conclusively by the independent process server's affidavit and return of service, previously filed with the court as

---

[2] In further contravention of the Court's Rules, Defendant Childress' motion was filed without a statement of points and authorities (LCvR 7(a) requires that "[e]ach motion shall include" a statement of points and authorities) or a proposed Order (LCvR 7(c) requires that each motion "shall be accompanied by a proposed order.").

document number 2 and attached hereto as Exhibit A.  The law is clear in this respect: "A naked refutation of a process server's affidavit is insufficient to rebut the presumption of effective service that a process server's affidavit establishes."  Ali, 233 F.R.D. at 38 (citing FROF, Inc. v. HARRIS, 695 F.Supp. 827, 829 (E.D.Pa. 1988)).  As Defendant Childress was personally served with the summons, her default is patently willful.

Moreover, even if one were to assume for the sake of argument that Defendant Childress was not personally served, her default is still willful inasmuch as she had actual notice of the action.  See Ali, 233 F.R.D. at 35 ("On the other hand, where the defendant has received actual notice of the action, the provisions of Rule 4(e) should be liberally construed to effectuate service and uphold the jurisdiction of the court." (citations and internal quotations omitted)).  As sworn to by the process server, a copy of the summons and complaint was served on Childress as the owner / agent of Defendant Strongheart Enterprises, thus putting her on notice of the lawsuit.  See Affidavit and Return of Service, previously filed with the court as document number 3, and attached hereto as Exhibit B.  "Where[, as here,] the defendant receives actual notice and the plaintiff makes a good faith effort to serve the defendant pursuant to the federal rule, service of process has been effective."  Ali, 233 F.R.D. at 36 (citation omitted).  Once again, the process server's affidavit and return of service as to Defendant Strongheart Enterprises, which has not been contested, belies Defendant Childress' bald assertion that she "did not have the opportunity to defend [herself]."  There can be no doubt that Defendant Childress' default is willful.

4

> b. *Defendant Childress Has Not Offered a Meritorious Defense*

"When moving to set aside a default, defendant is not required to prove a defense, but only to assert a meritorious defense that it may prove at trial." Int'l Painters, 288 F.Supp.2d at 28 (citing Whelan v. Abell, 48 F.3d 1247, 1259 (D.C.Cir. 1995)). Here, Defendant Childress has not offered a single defense to the lawsuit. Indeed, as noted *supra*, in contravention of this Court's Rules Defendant Childress has not even filed the verified answer required by LCvR 7(g). Having no legally meritorious defenses available to her, Defendant Childress has filed none. This factor, like the manifest willfulness of Defendant Childress' default, weighs heavily on the side of denying Defendant Childress' motion to set aside the default.

> c. *Vacating the Default Will Prejudice Plaintiff*

"Although delay in and of itself does not constitute prejudice, forcing a party to expend further time and money to collect on a claim as to which there are no meritorious defenses unfairly prejudices plaintiff to some degree." Int'l Painters, 288 F.Supp.2d at 31 (internal quotations and citations omitted). Here, Defendant Childress has not even troubled herself to offer a defense. Thus, all three factors tip unanimously in favor of denying Defendant Childress' motion to vacate default.

"Furthermore, an absence of prejudice to plaintiff does not in itself entitle defendant to relief from the judgment. The court has discretion to deny a motion to vacate if it is persuaded that the default was willful and that the defaulting party has no meritorious defenses." Int'l Painters, 288 F.Supp.2d at 31 (internal citations omitted). Thus, even putting to one side the fact that Defendant Childress' spurious motion to vacate was filed only as a delaying tactic which forces Plaintiff to incur additional

5

substantial costs, the fact that her default was willful coupled with her failure to offer any meritorious defense to this action should compel this Court to deny Defendant Childress' motion to set aside the default.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff Roosevelt Land LP respectfully submits this Memorandum of Points and Authorities in Opposition to Defendant Childress' Motion to Vacate Entry of Default and urges this Honorable Court to deny Defendant Childress' motion.

Dated: 2 June 2006                Respectfully submitted,


             /s/
William F. Boyer (D.C. Bar No. 479421)
SHARP & ASSOCIATES
1215 19th Street, NW
Washington, DC 20036
Telephone: (202) 467-4114
Facsimile: (202) 467-1625

*Counsel for Plaintiff*

6

**CERTIFICATION OF SERVICE**

I, William F. Boyer, counsel for Plaintiff Roosevelt Land LP, caused a true copy of the Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant Childress' Motion to Vacate Entry of Default, to be served via U.S. Mail, postage prepaid, first class, on: Chris Childress, 1915 17th Street, N.W., Washington, D.C. 20009, and Strongheart Enterprises, c/o Chris Childress, 1915 17th Street, N.W., Washington, D.C. 20009.

Dated: 2 June 2006

_____/s/_____
William F. Boyer