IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROOSEVELT LAND L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>CHRIS CHILDRESS<br><br>and<br><br>STRONGHEART ENTERPRISES<br><br>Defendants, | Civil Action No. 05-1292 (RWR) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT

Defendant Chris Childress and Strongheart Enterprises hereby files Memorandum of Points and Authorities in Support of Defendant's Motion to Vacate Entry of Default, and states as follows:

### RECITATION OF RELEVANT FACTS

Plaintiff contends that Defendant was properly served by a professional process server at her place of abode on August 24, 2005. In support of this claim, Plaintiff references Affidavits and Return of Service, which Plaintiff filed with the court and which are attached hereto as Exhibits A and B. The Defendant contends that she was not properly served and the Affidavits and Return of Service do not offer proof that the Defendant was properly served. There is no signature by the Defendant, no description of the Defendant, and no evidence that the Defendant was personally handed the Complaint.

RECEIVED

JUN 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

On May 17, 2006, the Defendant received a notice by mail from the United States District Court for the District of Columbia stating that she was in Default for failing to plead or otherwise defend the action though duly served. The Defendant promptly filed a Motion to Vacate Entry of Default on May 19, 2006 based upon the fact that she was not duly served.

On June 5, 2006, the Defendant received notice by mail that the Plaintiff had filed a Memorandum of Points and Authorities in Opposition to Defendant's Motion to Vacate Entry of Default with the Court on June 2, 2006. Defendant is filing this Memorandum to respond to the Plaintiff's argument made in that document.

## ARGUMENT

I. <u>Defendant's Motion to Vacate Entry of Default Complied with Court's Rules</u>

The Plaintiff contends that the Defendant's Motion to Vacate Entry of Default was not properly filed. On the morning of May 19, 2006, the Defendant personally went to the office of the Clerk of Court and explained that she wished to file a Motion to Vacate Entry of Default. At that time, the staff at the Clerk's office gave the Defendant a two page sample format for filing the Motion. Attached hereto as Exhibit C. The Defendant then prepared the motion following the format in the sample and returned that afternoon to the Clerk's office. The staff reviewed the Motion and was satisfied that the Motion was properly prepared and accepted the Motion.

II. <u>Defendant Has Made a Showing of Good Cause</u>

The Court may set aside an entry of default for good cause shown.

  a. *Defendant Did Not Willfully Default*

The Defendant was not properly served and did not willfully default. The Plaintiff's Affidavits and Return of Service do not offer sufficient proof that the Defendant was properly

served. There is no signature by the Defendant, no description of the Defendant and no evidence that the Defendant was personally handed the Complaint. Upon receiving notice from the Court of the Entry of Default, the Defendant promptly filed a Motion to Vacate Entry of Default.

b. *Meritorious Defense*

The Defendant will clearly demonstrate at trial that the claims made against her by the Plaintiff are without merit. The Defendant has documentation proving that the services which she provided to the Plaintiff met or exceeded the amount paid for these services by the Plaintiff to the Defendant.

c. *Failure to Vacate Entry of Default will Prejudice Defendant*

The Fourteenth Amendment of the Constitution of the United States prohibits the deprivation of liberty or property without due process of law and affords every citizen the right to defend himself in court. Failure to Vacate Entry of Default will result in the loss of the Defendant's right to present evidence in her defense and respond to the claims against her. The Plaintiff contends that failure to Vacate Entry of Default will prejudice the Plaintiff by forcing Plaintiff to expend further time and money to collect claim. Plaintiff is a large law firm with access to unlimited legal representation while the Defendant is a very small business owner with limited resources. There can be little doubt that failure to Vacate the Entry of Default will cause far greater prejudice to the Defendant than to the Plaintiff.

## CONCLUSION

For all the foregoing reasons, Defendant Chris Childress, Strongheart Enterprises respectfully submits this Memorandum of Points and Authorities in Support of Defendant's

Motion to Vacate Entry of Default and urges this Honorable Court to support the Defendant's motion.

Dated: 14 June 2006          Respectfully submitted,

*[signature]*

Chris Childress
1915 17th Street NW
Washington, DC 20009
Telephone: 202-232-0978
Facsimile: 202-232-0979

*Defendant*

## CERTIFICATE OF SERVICE

I, Chris Childress, Defendant, have mailed a copy of Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Vacate Entry of Default to Roosevelt Land L.P. represented by James E. Sharp and William Flint Boyer of Sharp & Associates at 1215 19th Street NW, Washington, DC 20036 on June 14, 2006.

Dated: 14 June 2006

_[signature]_

Chris Childress
1915 17th Street NW
Washington, DC 20009
Telephone: 202-232-0978
Facsimile: 202-232-0979

*Defendant*