IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROOSEVELT LAND L.P. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHRIS CHILDRESS )<br>)<br>and )<br>)<br>STRONGHEART ENTERPRISES )<br>)<br>Defendants. ) | Civil No.: 1:05-cv-01292 (RWR) |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Roosevelt Land L.P., by and through the undersigned counsel, hereby files this Response to the Court's Order to Show Cause, dated June 5, 2006, and entered on the docket June 6, 2006, and states as follows:

### PROCEDURAL HISTORY

Plaintiff filed its Complaint in this action on June 28, 2005. Plaintiff hired a professional process server to serve the summons & complaint upon Defendants pursuant to Fed.R.Civ.P. 4. The process server personally served Defendant Childress (1) in her personal capacity and (2) in her capacity as owner / agent of Defendant Strongheart Enterprises at her place of abode and business on the evening of Wednesday, August 24, 2005.

Plaintiff, through counsel, filed the appropriate affidavits in support of default with the court on May 4, 2006, and May 5, 2006. Copies of these affidavits were mailed to Defendants Childress and Strongheart Enterprises by the undersigned counsel on the

same day they were filed.  The Clerk entered default against Defendants Childress and Strongheart Enterprises on May 8, 2006.[1]

On May 19, 2006, having failed to file a single responsive pleading in the more than eight (8) months that had lapsed since Defendants Childress and Strongheart Enterprises were personally served with the summons and Complaint, Defendant Childress filed a Motion To Vacate Default.  Plaintiff filed its Memorandum of Points and Authorities in Opposition to Defendant Childress' Motion to Vacate Entry of Default on June 2, 2006.

The Court entered an Order to Show Cause on June 6, 2006.  The Court's Order directs Plaintiff to Show Cause by way of supplemental affidavit why Defendant Childress' Motion to Vacate should not be granted.

## PLAINTIFF'S SHOWING OF GOOD SERVICE

The Court's Order focuses on two primary questions, both of which relate to whether Defendant Childress was properly served (and, therefore, whether default was properly entered against her).  The Court first inquires regarding the specific factual details of the process by which Childress was served, and, second, inquires regarding "the relationship of Beau Childress to the defendant[.]"  Plaintiff addresses the Court's inquiries *seriatim*, demonstrating that Defendants were properly served and their default was properly entered by the Clerk.

I.   The Factual Details of the Process by Which Defendants Were Served

In response to the Court's inquiry regarding the specific factual circumstances of the service of process upon Defendant Childress, Plaintiff submits Rashad Latif's Affidavit of Service, <u>attached</u> <u>hereto</u> as Exhibit A (hereinafter "<u>Latif Affidavit</u>" or

---

[1] The Clerk corrected a typographical error on the Default on May 19, 2006.

"Affidavit of Service"). In his Affidavit of Service, Latif, a professional process server employed by Express Legal Documents, LLC, describes his three (3) attempts, the last being successful, to effect service upon Defendants. Latif Affidavit ¶¶ 2-7.

Latif succeeded in serving Defendants on August 24, 2005. Id. ¶ 7. On that evening, Latif greeted Defendant Childress by name upon observing her approach her residence (and place of business) at 1915 17th Street NW, Washington, DC 20009. Id. Latif informed Childress that he had a summons & complaint for her and asked Childress to sign for the same. Id. Childress falsely denied to Latif that she was Chris (Beau) Childress and refused to sign for the summons & complaint. Id. Latif has confirmed that it was in fact Childress who he approached, spoke to and served. Id. at ¶ 8. When Childress' companion asked Latif to leave the premises, Latif informed Childress and her companion that he would do so but that he was placing the summons & complaint in Childress' basement apartment's mailbox. Id. at ¶¶ 4, 7. Childress and her companion watched as Latif placed the summons & complaint in Childress' mailbox and left the premises, as requested. Id. at ¶ 7.

II.     Chris "Beau" Childress is One Person, the Defendant Who Was Served

Chris "Beau" Childress is one person, named in Roosevelt Land, LP's Complaint and properly served by professional process server Rashad Latif. Plaintiff, through its representatives and/or agents, was informed by Defendant Childress that while she is addressed by her nickname "Beau" Childress in 'social settings', her given (i.e., legal) name is "Chris Childress." See Certificate of Insurance dated 6/02/04 and issued to "Chris Childress DBA: Strongheart Enterprises[,]" attached hereto as Exhibit B. Indeed, Defendant Childress both alternates between using the names "Chris" or "Beau", and on

3

occasion has even listed her name as "Chris Beau Childress" on correspondence pertaining to the underlying subject matter of this lawsuit which she submitted to Plaintiff (through its representatives and/or agents) well prior to the institution of this action. <u>See</u> Correspondence from "Chris Beau Childress" dated March 25, 2005, <u>attached</u> <u>hereto</u> as Exhibit C.  Should the Court harbor any doubt as to the legal entity that is Chris "Beau" Childress, Plaintiff respectfully submits that a hearing at which the Court can compare Defendant Chris Childress to the woman identified as "Beau Childress, President, Strongheart Enterprises" at <u>http://www.strongheartenterprises.com/aboutus.html</u> (website last visited on June 20, 2006) will conclusively demonstrate that the Chris (Beau) Childress who Latif served is the same person identified as "Beau Childress" on the Strongheart Enterprises website referenced above (which lists as their address: 1915 17th Street NW, Washington DC 20009), who is the same person as Defendant Chris Childress who falsely claims never to have been served and never to have spoken with anyone attempting to serve her (and who lists her address on her Motion to Vacate Default as: 1915 17th Street NW, Washington DC 20009).

> III. <u>Defendant Childress Was Properly Served Despite Her Refusal to Sign for the Summons and Complaint</u>

Defendant Childress' false denial of her identity and subsequent refusal to sign for the summons & complaint in no way negates the effective service of process upon her. Courts recognize that "[t]he rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." <u>Ali v. Mid-Atlantic Settlement Services, Inc.</u>, 233 F.R.D. 32, 35-36 (D.D.C. 2006) (quoting <u>TRW, Inc. v. Derbyshire,</u>

157 F.R.D. 59, 60 (D.Col. 1994)), amended on reconsideration, 235 F.R.D. 1 (2006) (amended to assess sanctions against defendant and to deny interlocutory appeal). It is well established that service of process

> should not become a game of wiles and tricks and a defendant should not be able to defeat service simply by refusing to accept the papers or instructing others to reject service. Even though a defendant refuses physical acceptance of a summons, service is complete if a defendant is in close proximity to a process server under such circumstances that a reasonable person would be convinced that personal service of the summons is being attempted. Delivery of a summons to the person being served may be accomplished by leaving it in his general vicinity, such as on the floor inside the residence near such person, informing him that the process server is so doing. A process server may leave the summons outside the door of a structure, informing the defendant he is so doing, where the defendant interposes the door between himself and the process server.

Id. at 36 (quoting Gambone v. Lite-Rock Drywall Corp. Advanced Constr. Material Corp., 2003 WL 21891584, at *4 (E.D.Pa. Aug. 7, 2003)). This is the rule of this Circuit, as noted in Novak v. World Bank, 703 F.2d 1305 (D.C. Cir. 1983), where the Court of Appeals observed: "When a person refuses to accept service, service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person." Novak, 703 F.2d at 1310, fn. 14 (citations omitted); see also 4A C. Wright & A. Miller, Federal Practice & Procedure § 1095 (2006) (same).

Defendant Childress' refusal to accept and sign for the motion & complaint is of no practical consequence. The process server properly informed Defendant Childress that he had a summons & complaint for her, asked her to sign for the same and, only when she refused to do so, placed the summons & complaint in the mailbox at the basement apartment in which Defendant Childress both resides and conducts the business of Defendant Strongheart Enterprises. See Latif Affidavit ¶¶ 6-7 (listing address at which service was made); Defendant Childress' Motion to Vacate Default (listing home

address); and http://www.strongheartenterprises.com/aboutus.html (website last visited on June 20, 2006) (listing business address).  Plaintiff respectfully submits that service was properly made on Defendants, consistent with the precedents of this District and Circuit.  As such, Defendant Childress' Motion to Vacate Default should be denied.

Dated: 20 June 2006          Respectfully submitted,

_____/s/_____
William F. Boyer (D.C. Bar No. 479421)
SHARP & ASSOCIATES
1215 19th Street, NW
Washington, DC 20036
Telephone: (202) 467-4114
Facsimile: (202) 467-1625

*Counsel for Plaintiff*

**CERTIFICATION OF SERVICE**

I, William F. Boyer, counsel for Plaintiff Roosevelt Land LP, hereby certify that I caused a true copy of the Plaintiff's Response to Order to Show Cause, to be served via U.S. Mail, postage prepaid, first class, on: Chris Childress, 1915 17th Street, N.W., Washington, D.C. 20009, and Strongheart Enterprises, c/o Chris Childress, 1915 17th Street, N.W., Washington, D.C. 20009.

Dated: 20 June 2006


_____/s/_____
William F. Boyer