UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
ROOSEVELT LAND, LP,            )
                               )
        Plaintiff,             )
                               )
    v.                         )    Civil Action No. 05-1292 (RWR)
                               )
CHRIS CHILDRESS et al.,        )
                               )
        Defendants.            )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Roosevelt Land, LP ("Roosevelt") filed a complaint against Strongheart Enterprises, Inc. ("Strongheart") and its owner and agent, Chris Childress, alleging fraud, conversion, breach of contract and violation of consumer protection laws, to which defendants did not respond. The clerk entered default, which Childress has moved to vacate, arguing that she was never served with process. Because service of process was effective on August 25, 2005, Childress's motion to vacate default entry will be denied.

BACKGROUND

Roosevelt filed a complaint against Childress and Strongheart. After receiving no response to the complaint, Roosevelt obtained a clerk's entry of default, supported by sworn certificates of personal service upon each defendant signed by the process server. Childress, but not Strongheart, moved to

- 2 -

vacate the default entry, stating that "I did not receive this summons and I never spoke with anyone who was trying to deliver a summons.  I was not duly served . . . ."  (Mot. to Vacate at 1.) Childress's pro se motion was neither verified nor accompanied by a verified answer.  Roosevelt filed an opposition, submitting the two sworn certificates of personal service as proof of service. Four weeks after filing the motion to vacate and thirteen days after Roosevelt filed its opposition, Childress filed pro se an unverified memorandum on behalf of herself and Strongheart in support of her motion to vacate.  The memorandum claims that Childress filed her motion to vacate using a format that a court clerk advised her would be acceptable.

A show cause order issued on June 5, 2006, requiring Roosevelt to supplement the process server's certificates with additional detail.  Roosevelt timely complied with the show cause order and filed a sworn affidavit of service by the process server.  The process server's affidavit positively identifies Childress on the basis of her photograph posted on Strongheart's website.  It also states that on August 24, 2005, at approximately 10:15 p.m., outside Childress's dwelling place, "I approached Ms. Childress [who was with a companion] as she walked to her door, greeted her by name and informed her that I had a Summons and Complaint for her and needed her to sign for it." (Aff. of Serv. at 1.)  The affidavit also states that "Childress

- 3 -

denied that she was Chris (Beau) Childress, and she said she would not sign for anything." (<u>Id.</u> at 2.) Finally, the affidavit states that after Childress's companion "asked me to leave[,] I informed [Childress] that I would leave after I placed the documents in the mailbox. Both Ms. Childress and [the companion] watched me place the Summons and Complaint in the mailbox and then leave." (Aff. of Serv. at 2.)

### DISCUSSION

"The rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the jurisdiction of this court." <u>Ali v. Mid-Atlantic Settlement Services, Inc.</u>, 233 F.R.D. 32, 35-36 (D.D.C. 2006) (quotations and citations omitted).

> Rather, the rules governing service of process are utilized for the purpose of providing a likelihood of bringing actual notice to the intended recipient, . . . and actual notice satisfies the due process notice requirement and provides the court with personal jurisdiction. . . . Where the defendant receives actual notice and the plaintiff makes a good faith effort to serve the defendant pursuant to the federal rule, service of process has been effective. . . . Good faith efforts at service are particularly effective where the defendant has engaged in evasion, deception, or trickery to avoid being served.

<u>Id.</u> at 36 (quotations and citations omitted). "Even though a defendant refuses physical acceptance of a summons, service is complete if a defendant is in close proximity to a process server under such circumstances that a reasonable person would be

- 4 -

convinced that personal service of the summons is being attempted." Id.; see also Novak v. World Bank, 703 F.2d 1305, 1310 n.14 (D.C. Cir. 1983) ("When a person refuses to accept service, service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person."). The process server's affidavit avers that he addressed Childress in person and attempted to deliver the summons and complaint to her. When he was refused, he left the papers in Childress's mailbox with her knowledge. The affidavit establishes effective personal service on Childress and, through Childress, on Strongheart on August 24, 2005, within the meaning of Rule 4 of the Federal Rules of Civil Procedure. Accordingly, on the basis of the process server's certificates of service and affidavit of service, Childress's motion to vacate entry of default will be denied.

However, given the strong preference for resolving litigation on its merits rather than by default judgment, see Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373 (D.C. Cir. 1980) (stating that "modern federal procedure favor[s] trials on the merits"), and because pro se litigants are not held to the same standards in all respects as are lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the defendants will be given one final opportunity to move to vacate default. The opportunity comes with four warnings to Childress. First, despite some

- 5 -

lenience accorded to pro se litigants, they nonetheless are required to comply with the Federal Rules of Civil Procedure and the court's Local Civil Rules, both of which are available on line.  Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987).  Federal Rule of Civil Procedure 55(c) requires a defendant to show good cause why default should be set aside, and Local Civil Rule 7(g) requires a motion to vacate entry of default to be accompanied by an answer to the complaint properly verified under Local Civil Rule 11.2.  Failure to follow the rules cannot be excused by blaming court clerks.  The clerk of court is neither obligated nor authorized to provide legal advice to pro se litigants.  See, e.g., Madison v. BP Oil Co., 928 F. Supp. 1132, 1134 (S.D. Ala. 1996) ("the personnel of the Clerk's Office . . . cannot give legal advice"); Ayers v. Jacobs & Crumpler, P.A., Civ. A. No. 94-658-SLR, 1995 WL 704781, *4 (D. Del. Nov. 2, 1995) (stating that "[t]he Rules of Professional Conduct and the law of common sense" both indicate that court clerks are not to be the source of legal advice).

Second, Local Civil Rule 7(a) requires that a motion be accompanied contemporaneously by a memorandum citing supporting facts and authority.  Such memoranda are untimely four weeks after the motion is filed.  Local Civil Rule 7(d) requires that a reply to an opposition to a motion be filed within five, not

- 6 -

thirteen, days.  Filings that do not comply with the federal and local rules may be disallowed.

Third, under Federal Rule of Civil Procedure 11, by presenting a written filing to the court, a pro se litigant is certifying "to the best of the person's knowledge," that factual contentions contained in papers presented to the court "have evidentiary support" and that "denials of factual contentions are warranted on the evidence[.]"  Fed. R. Civ. P. 11(b)(3), (4).  In light of the sworn and corroborated evidence disproving Childress's claim not to have received the summons or spoken with anyone trying to deliver a summons, Childress is warned that false filings may result in sanctions being imposed under Rule 11.

Fourth, a corporate defendant may not appear in an action pro se.  It must be represented and appear through counsel.  See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 94, 201-202 (1993) (noting that for nearly two hundred years the law has required that a corporation be represented in an action by a licensed attorney); Lennon v. McClory, 3 F. Supp. 2d 1461, 1462 n.1 (D.D.C. 1998) ("A corporation cannot represent itself and cannot appear pro se.  It must be represented by counsel or it will be treated as not having appeared at all, and default judgment may be entered

- 7 -

against it.")  Stongheart may not appear or submit filings through Childress.

## CONCLUSION AND ORDER

For the reasons stated above, it is hereby

ORDERED that Childress's motion to vacate the clerk's entry of default [9] be, and hereby is, DENIED without prejudice.  It is further

ORDERED that defendants shall have until August 2, 2006 to move properly to vacate the entry of default.  If a defendant fails to move timely to vacate default, the plaintiff shall have until August 11, 2006 to either move for default judgment or show cause why the complaint should not be dismissed for failure to prosecute as to that defendant.

SIGNED this 5th day of July, 2006.

                         /s/
                    RICHARD W. ROBERTS
                    United States District Judge