IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROOSEVELT LAND L.P.<br><br>Plaintiff,<br><br>vs.<br><br>CHRIS CHILDRESS<br><br>and<br><br>STRONGHEART ENTERPRISES<br><br>Defendants, | Civil Action No. 05-1292 (RWR) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S COURT FILING OF JUNE 20, 2006 OF ORDER TO SHOW CAUSE

Defendant Chris Childress and Strongheart Enterprises hereby files this Response to the Plaintiff's Filing of June 20, 2006.

### RECITATION OF RELEVANT FACTS

Plaintiff contends that Defendant was properly served by a professional process server at her place of abode on August 24, 2005. Defendant contends that she was not properly served. In support of their claim that the Defendant was properly served, Plaintiff presented a new affidavit to the Court with their last filing from the server dated June 9, 2006. In this new affidavit the server describes the Defendant and references her photo on her company website. *This website did not exist prior to January 2006 and no photos of the Defendant were available on any other website prior to January 2006.* The original affidavit from the server (attached hereto as Exhibit A) makes no mention of a description of the Defendant. The Defendant respectfully suggests

1

that for the Plaintiff to submit an affidavit from the server 10 months after the fact which references the Defendant's description from a website that did not exist at the time of the serving is not relevant to this case. In addition, in the new affidavit, the server references a conversation which he reportedly had with the Defendant during which he says the Defendant and her associate asked the server to leave the property. Neither the Defendant nor any of her associates would ever be so rude as to ask someone to leave the property. This simply did not happen.

The original Affidavit and Return of Service do not offer proof that the Defendant was properly served. There is no signature by the Defendant, no description of the Defendant, and no evidence that the Defendant was personally handed the Complaint. The new affidavit was submitted 10 months after the fact; contains incorrect information; and references the Defendant's description from a website that did not exist at the time of the serving.

Furthermore, the fact that the Defendant has been extremely steadfast in responding to the Plaintiff and communicating with the Court since she first received notice from the Court concerning the default on May 17, 2006 should attest to the fact that she is conscientious and anxious to demonstrate her innocence in this claim which the Plaintiff has brought against her. On May 17, 2006 the Defendant received a notice by mail from the United States District Court for the District of Columbia stating that she was in Default for failing to plead or otherwise defend the action though duly served. The Defendant promptly filed a Motion to Vacate Entry of Default on May 19, 2006 based upon the fact that she was not duly served. On June 5, 2006, the Defendant received notice by mail that the Plaintiff had filed a Memorandum of Points and Authorities in Opposition to Defendant's Motion to Vacate Entry of Default with the Court on June 2, 2006. Defendant then filed a Memorandum to respond to the Plaintiff's argument made in that document on June 14, 2006. The Plaintiff filed a Response on June 20, 2005. The Defendant is consequently filing a Response this day July 7, 2006.

**ARGUMENT**

I. <u>Defendant Has Made a Showing of Good Cause</u>

The Court may set aside an entry of default for good cause shown.

    a. *Defendant Did Not Willfully Default*

The Defendant was not properly served and did not willfully default. The Plaintiff's Affidavits and Return of Service which were originally filed with the Court do not offer sufficient proof that the Defendant was properly served. There is no signature by the Defendant, no description of the Defendant and no evidence that the Defendant was personally handed the Complaint. Upon receiving notice from the Court of the Entry of Default, the Defendant promptly filed a Motion to Vacate Entry of Default.

Plaintiff presented a new affidavit to the Court with their last filing from the server dated June 9, 2006. In this new affidavit the server describes the Defendant and references her photo on her company website. *This website did not exist prior to January 2006 and there were no photos of the Defendant available on any other website prior to January 2006.* The original affidavit from the server (attached hereto as Exhibit A) makes no mention of a description of the Defendant. The Defendant respectfully suggests that for the Plaintiff to submit an affidavit from the server 10 months after the fact which references the Defendant's description from a website that did not exist at the time of the serving is not relevant to this case.

    b. *Meritorious Defense*

The Defendant will clearly demonstrate at trial that the claims made against her by the Plaintiff are without merit. The Defendant has documentation proving that the services which she provided to the Plaintiff met or exceeded the amount paid for these services by the Plaintiff to the Defendant.

3

c. *Failure to Vacate Entry of Default will Prejudice Defendant*

The Fourteenth Amendment of the Constitution of the United States prohibits the deprivation of liberty or property without due process of law and affords every citizen the right to defend himself in Court. Failure to Vacate Entry of Default will result in the loss of the Defendant's right to present evidence in her defense and respond to the claims against her. The Plaintiff contends that failure to Vacate Entry of Default will prejudice the Plaintiff by forcing Plaintiff to expend further time and money to collect claim. Plaintiff is a large law firm with access to unlimited legal representation while the Defendant is a very small business owner with limited resources. There can be little doubt that failure to Vacate the Entry of Default will cause far greater prejudice to the Defendant than to the Plaintiff.

## CONCLUSION

For all the foregoing reasons, Defendant Chris Childress, Strongheart Enterprises respectfully submits this Memorandum of Points and Authorities in Support of Defendant's Motion to Vacate Entry of Default and urges this Honorable Court to support the Defendant's motion.

Dated: 7 July 2006            Respectfully submitted,

_____
Chris Childress
1915 17th Street NW
Washington, DC 20009
Telephone: 202-232-0978
Facsimile: 202-232-0979

*Defendant*

4

CERTIFICATE OF SERVICE

I, Chris Childress, Defendant, have mailed a copy of Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Vacate Entry of Default to Roosevelt Land L.P. represented by James E. Sharp and William Flint Boyer of Sharp & Associates at 1215 19th Street NW, Washington, DC 20036 on July 7, 2006.

Dated:  7 July 2006

_____

Chris Childress
1915 17th Street NW
Washington, DC 20009
Telephone:  202-232-0978
Facsimile:  202-232-0979

*Defendant*