UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROOSEVELT LAND LP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-1292 (RWR) |
| v. ) | |
| ) | |
| CHRIS CHILDRESS, *et al*. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM
TO VACATE ENTRY OF ORDER OF DEFAULT**

Defendants Chris Childress ("Childress") and Strongheart Enterprises ("Strongheart") (collectively "Defendants"), by and through counsel Quagliano & Seeger, P.C., pursuant to Local Rule 7(g) and the Court's Order of July 5, 2006, respectfully request that this Honorable Court vacate the Order of Default entered against Defendants and permit the filing of the attached Verified Answer. In support thereof, Defendants state as follows:

**STATEMENT OF FACTS**

1. On or about June 28, 2005, Plaintiff Roosevelt Land LLP ("Plaintiff") filed a complaint against Defendants for fraud, breach of contract, conversion, and violations of consumer protection laws (the "Complaint").

2. On or about August 24, 2006, Plaintiff, through a process server, attempted to personally serve the summons and Complaint on an individual Plaintiff believed to be Childress.

3. Plaintiff did not accomplish service of process against Defendants.

4.    Despite this, Plaintiff filed Returns of Service for Childress and Strongheart with this Court, declaring under penalties of perjury that Defendants were personally served on August 24, 2005.

5.    Childress only learned of the instant litigation on May 17, 2006, when she received a Notice of Entry of Default against Defendants, by mail, from the Court.

6.    Immediately thereafter and on May 19, 2006, Childress attempted to *pro se* file a Motion to Vacate the Entry of Order of Default against Defendants ("Motion").

7.    Childress failed to attach a Verified Answer to the Motion.

8.    On or about June 5, 2006, Defendants received Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Vacate Entry of Default by first class mail ("Opposition").

9.    On or about June 14, 2006, Defendants filed a reply to Plaintiff's Opposition.

10.   On June 20, 2006, Plaintiff filed a sur-reply to Defendants' Motion.

11.   Defendants filed yet another response on July 7, 2006. Defendants Response, dated June 7, 2006, is incorporated herein by reference. (Defendants' Response, docket entry 15)

12.   Unbeknownst to Childress, this Court had already entered an order on July 5, 2006 permitting Defendants to re-file a Motion to Vacate the Entry of the Order of Default along with a Verified Answer on or before August 2, 2006.[1]

---

[1] Defendants are representing themselves *Pro Se*. Defendant Childress did not receive the Order until counsel, with whom Defendant Childress discussed this matter, checked PACER for the status of this action and advised Defendants of the July 5th Order. Understand, Counsel was retained at 4:00 p.m. on August 2, 2006, to prepare these pleadings. Counsel requests that it be permitted by this Honorable Court to supplement the pleadings if necessary.

**ARGUMENT**

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default." Fed.R.Civ.P. 55(c). A decision to set aside an entry of default "lies within the discretion of the trial court." <u>Keegel et al. v. Key West & Caribbean Trading Company, Inc. et al.</u>, 200 U.S. App. D.C. 319, 320 (C.A.D.C.1980). The court, in turn, must consider "whether (1) the default was willful; (2) set-aside would prejudice plaintiff; and (3) the alleged defense was meritorious." <u>Id</u>. (citations omitted). Policy considerations favor the setting aside of an entry of default in favor of "adjudication of a case on its merits." <u>Baade v. Price</u>, 175 F.R.D. 403, 405 (D.D.C. 1997).

**A.    Defendants did not willfully fail to answer Plaintiff's Complaint.**

In <u>Baade</u>, this Court determined that a defendant's act of moving to quash service of process was evidence that the defendant was "attentive" and did not willfully avoid answering a Complaint filed against it. <u>Baade</u>, 175 F.R.D. at 405. Defendants in the present matter likewise did not willfully fail to answer the Complaint filed by Plaintiffs. To the contrary, once Childress learned of the instant action, Childress filed numerous pleadings to defend against the instant action. Childress filed a Motion to Vacate as soon as Childress received Notice of the Entry of Default against Defendants, which was the first time Childress learned of the instant action. Childress additionally filed responses to Plaintiff's Opposition in a genuine attempt to set the record straight. Defendants now re-file this Motion to Vacate and a Verified Answer as yet another attempt to defend against and to resolve the instant litigation.

**B.    A set-aside would not prejudice Plaintiff.**

A set-aside of the entry of default will not prejudice Plaintiff. In Baade, this Court determined that no prejudice would result to the plaintiff for two reasons: (1) the litigation was in the "early stages"; and (2) the opposition filed by Plaintiff failed to argue that it would suffer prejudice. Id. at 406. Similarly, the present action is in its early stages. Neither discovery nor dispositive motions have been filed. In addition, Plaintiff **never** argued in its Opposition that it would suffer prejudice by the set-aside of the Default. Instead, Plaintiff only argued Defendants did not have a "meritorious defense;" Defendants have a meritorious defense as enforced in the verified answer and set forth fully below. (See Plaintiff's Opposition, p. 5). Therefore, it cannot be said that the set-aside of the Entry of Default will be prejudicial to Plaintiff.

**C.    Defendants have a meritorious defense.**

Defendants intend to defend against the instant action by demonstrating that they provided services to Plaintiff in an amount equal to or exceeding the amount paid to Defendants by Plaintiff. Defendants specifically provided to Plaintiff services in connection with renovations to an office space (the "Project"). These services included, but are not limited to, demolition, wall installation, electrical installation, and certain HVAC services. Defendants possess and intend to present the contracts, change orders, invoices and other supporting documents relating to their services performed at the Project.

Defendants routinely submitted legitimate invoices and receipts for reimbursement in connection with their services at the Project. These documents include, but are not limited to, receipts from vendors and stores Defendants used in connection with the Project. These documents relate to and support the invoices and bills directed to

Plaintiff. Defendants never submitted falsified, counterfeit or otherwise misleading documents for the purposes of receiving payment from Plaintiff.

Defendants also intend to defend against the instant action by demonstrating that they performed services, which remain unpaid by Plaintiff. Presently, Plaintiffs owe Defendants approximately $20,000 on a final and outstanding invoice. Defendants have legitimate documentation supporting the payment sought in the final invoice.

Defendants further intend to defend against the instant action by demonstrating that Defendants intended to complete construction of the Project, but Plaintiff prevented Defendants from doing so. Specifically, Plaintiff prohibited Defendants from entering the property where the Project was located to either finish the Project or collect personal property. Expensive tools belonging to Defendants remained at the Project. Plaintiff would not permit Defendants to collect their tools. These tools are valued at approximately $15,000.00. Plaintiff's failure to return the tools to Defendants impacted Defendants' ability to perform work for other clients and further deprived Defendants of their property.

## CONCLUSION

Based on the foregoing, Defendants Chris Childress and Strongheart Enterprises, LLC respectfully request this Honorable Court to vacate the Order of Default and permit Defendants to file the attached Verified Answer.[2]

| | |
|---|---|
| **Dated:     August 2, 2006** | Respectfully submitted, |
| | **QUAGLIANO & SEEGER, P.C.** |
| | /s/ Corie M. Thornton |
| | Stephen M. Seeger, Bar No.: 431258 |

---

[2] The Verified Answer is attached hereto as Exhibit 1.

Corie M. Thornton Bar No.:  496392
2620 P Street, NW
Washington, DC 20007
Tel.     (202) 822-8838
Fax.    (202) 822-6982
**Counsel for Defendants**
**Chris Childress and**
**Strongheart Enterprises**

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Opposition was served electronically and by first class mail, postage pre-paid on August 2, 2006, upon:

James E. Sharp, Esq.
William Flint Boyer
Sharp & Associates
1215 19th Street, N.W.
Washington, DC 20036

/s/ Corie M. Thornton
_____
Corie M. Thornton