UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROOSEVELT LAND LP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRIS CHILDRESS, *et al.* )<br>)<br>Defendant. )<br>) | Civil Action No.<br>05-1292 (RWR) |

## VERIFIED ANSWER

Defendants Chris Childress ("Childress") and Strongheart Enterprises ("Strongheart"), collectively referred to herein as "Defendants," and for their Answer to the Complaint of Roosevelt Land LP ("Roosevelt") state as follows:

## INTRODUCTORY STATEMENT

Defendants deny the allegations made by Roosevelt in the introductory statement of the Complaint. Defendants entered into a construction contract (the "Contract") with Roosevelt, whereby Defendants agreed to perform remodeling services to an office (the "Project"). During the performance of the Contract, Defendants provided Roosevelt with invoices and supporting documents of its performance under the Contract. Roosevelt, however, refused to pay monies owed to Defendants. When Defendants attempted to resolve any issues between itself and Roosevelt and complete the Project, Roosevelt prohibited Defendants from entering the property where the Project was located. Roosevelt further prohibited Defendants from collecting tools valued at $15,000.00 and never paid Defendants the final outstanding balance under the Contract.



## JURISDICTION & VENUE

1. Admitted.

2. Admitted.

## THE PARTIES

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## GENERAL ALLEGATIONS

7. Admitted.

8. Denied. Defendants provided proof of insurance to Roosevelt and Defendants never purported to have the license described by Roosevelt because such license was not required for the construction of the Project.

9. Denied. The original Contract estimate was approximately $86,000 and related to the demolition and construction of ½ of an office space. As the Project progressed, Roosevelt requested the Defendants perform additional construction services to the second ½ of the office space.

10. Admitted. Defendants, however, informed Roosevelt that it was a small company and may need more frequent draws in order to properly and timely perform the Contract.

11. Admitted.

12. Denied that only 15% of the Contract was completed. Defendants completed the demolition, HVAC services, construction of walls, and 80% of the electrical work as of March 2005.

13. Denied to the extent that only 15% of the job was complete. As described in paragraph 12, a substantial amount of the Contract had been performed. The performance of the Contract, however, was interrupted when Roosevelt hired an interior decorator and a structural engineer, causing changes to the Contract causing Defendants to make new estimates for its completion of the Project.

14. Admitted to the extent 50% of the job was not completed.

15. Admitted. Defendants had not received a payment for its performance since January 2005 and were required to pay its workers and subcontractors, in addition to purchasing additional supplies and materials for continuation of the Project.

16. Admitted only the extent that Roosevelt requested Defendants to submit an accounting.

17. Admitted.

18. Denied to the extent that Defendants provided invoices prior to the receipt of $15,000.00 from Roosevelt. Roosevelt first paid Defendants the $15,000.00 without requiring invoices from Defendants.

19. Denied. Roosevelt asked Defendants to change their insurance, at which point Defendants took steps to change the insurance. Further, Roosevelt did not ask for proof of Defendants' licenses because Defendants already informed Roosevelt, at the commencement of the Project, that they did not have said license because it was not required for the Project.

20. Admitted.

21. Denied.

22. Denied.

23. Admitted.

24. Admitted.

25. Admitted.

26. Denied.

27. Denied.

28. Denied.

## COUNT I
## FRAUD

29. Denied.

30. The allegations of Paragraph 30 are legal conclusions to which a response is not required. To the extent a response is required, the allegations of Paragraph 30 are denied and the Defendants demand strict proof thereof.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT II
## FRAUD

36. Denied.

37.  The allegations of Paragraph 37 are legal conclusions to which a response is not required. To the extent a response is required, the allegations of Paragraph 37 are denied and the Defendants demand strict proof thereof.

38.  Denied.

39.  Denied.

40.  Denied.

41.  Denied.

42.  Denied.

## COUNT III
## CONVERSION

43.  Denied.

44.  The allegations of Paragraph 44 are legal conclusions to which a response is not required. To the extent a response is required, the allegations of Paragraph 44 are denied and the Defendants demand strict proof thereof.

45.  Denied.

## COUNT IV
## BREACH OF CONTRACT

46.  Denied.

47.  The allegations of Paragraph 47 are legal conclusions to which a response is not required. To the extent a response is required, the allegations of Paragraph 47 are denied and the Defendants demand strict proof thereof.

48.  Denied.

49.  Denied.

## COUNT V

## VIOLATION OF CONSUMER PROTECTION LAWS

50. Denied.

51. The allegations of Paragraph 51 are legal conclusions to which a response is not required. To the extent a response is required, the allegations of Paragraph 51 are denied and the Defendants demand strict proof thereof.

52. The allegations of Paragraph 52 are legal conclusions to which a response is not required. To the extent a response is required, the allegations of Paragraph 52 are denied and the Defendants demand strict proof thereof.

53. The allegations of Paragraph 53 are legal conclusions to which a response is not required. To the extent a response is required, the allegations of Paragraph 53 are denied and the Defendants demand strict proof thereof.

54. The allegations of Paragraph 54 are legal conclusions to which a response is not required. To the extent a response is required, the allegations of Paragraph 54 are denied and the Defendants demand strict proof thereof.

55. Denied.

## AFFIRMATIVE DEFENSES

1. Defendants deny all allegations except to the extent expressly admitted.

2. Roosevelt has failed to state a claim upon which relief can be granted.

3. Defendants deny that it is indebted or liable to Roosevelt as alleged.

4. Roosevelt's claims are barred by the doctrine of unclean hands.

5. Roosevelt's claims are barred by the doctrine of assumption of the risk

6. Roosevelt's claims are barred by the doctrine of waiver

7. Roosevelt's claims are barred by the doctrine of estoppel.

8. Defendants reserve the right to assert all defenses, which may be available, based upon the facts, as they become known through discovery or during any trial in this matter.

**Dated:** **August 2, 2006**   Respectfully submitted,

**QUAGLIANO & SEEGER, P.C.**

/s/ Corie M. Thornton
_____
Stephen M. Seeger, Bar No.: 431258
Corie M. Thornton Bar No.: 496392
2620 P Street, NW
Washington, DC 20007
Tel.  (202) 822-8838
Fax.  (202) 822-6982
**Counsel for Defendants
Chris Childress and
Strongheart Enterprises**

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing Answer was served electronically and by first class mail, postage pre-paid on August 2, 2006, upon:

James E. Sharp, Esq.
William Flint Boyer
Sharp & Associates
1215 19th Street, N.W.
Washington, DC 20036

/s/ Corie M. Thornton
_____
Corie M. Thornton

## VERIFICATION

I DECLARE UNDER PENALY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.

Executed on 08/02, 2006

_____
Chris Childress

Subscribed and sworn before me this 2nd day of August, 2006.

Kaitlin E. Butler
Notary Public, District of Columbia
My Commission Expires 02/28/2011

_____
Notary Public

My Commission Expires:

[seal]