IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROOSEVELT LAND L.P. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHRIS CHILDRESS )<br>)<br>and )<br>)<br>STRONGHEART ENTERPRISES )<br>)<br>Defendants. ) | Civil No.: 1:05-cv-01292 (RWR) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION
TO VACATE ENTRY OF ORDER OF DEFAULT[1]

Plaintiff Roosevelt Land L.P., by and through the undersigned counsel, hereby files this Memorandum of Points and Authorities in Opposition to Defendants' Motion to Vacate Entry of Order of Default, and states as follows:

RECITIATION OF RELEVANT FACTS

Plaintiff filed its Complaint in this action on June 28, 2005. Plaintiff hired a professional process server to serve the summons and Complaint upon Defendants pursuant to Fed.R.Civ.P. 4. The process server personally served Defendant Childress (1) in her personal capacity and (2) in her capacity as owner / agent of Defendant Strongheart Enterprises at her place of abode and business on the evening of Wednesday, August 24, 2005.

---

[1] This pleading is being resubmitted. Plaintiff has corrected a typographical error. No substantive changes were made.

Plaintiff, through counsel, filed the appropriate affidavits in support of default with the court on May 4, 2006, and May 5, 2006. Copies of these affidavits were mailed separately to both Defendants Childress and Strongheart Enterprises by the undersigned counsel on the same day they were filed. Childress and Strongheart deny receiving any of these four (4) separate mailings. The Clerk entered default against Defendants Childress and Strongheart Enterprises on May 8, 2006.[2] Childress and Strongheart do not deny that they received the default mailed to them by the Clerk, at the same address to which Defendants had previously mailed the affidavits in support of default.

On May 19, 2006, having failed to file a single responsive pleading in the almost nine (9) months that had lapsed since Defendants Childress and Strongheart Enterprises were personally served with the summons and Complaint, Defendant Childress filed a Motion To Vacate Default. Defendant's motion was not accompanied by the required verified answer, or a memorandum of points and authorities. Defendant Childress asserted that she had never been served with the Complaint, and as such the default entered was invalid. Plaintiff opposed the motion, submitting its Opposition on June 2, 2006.

On June 6, 2006, the Court ordered Plaintiff to provide additional detail of the service of process upon Defendants. Plaintiff did so, submitting its Response to Order to Show Cause on June 20, 2006.

The Court denied Defendant Childress' motion to vacate on July 5, 2006. In its Memorandum Opinion and Order, the Court held that "service of process [on Defendants] was effective on August 25, 2005[.]" Memorandum Opinion and Order ("Order"), at 1. Among other things, the Court warned Defendant Childress that "false

---

[2] The Clerk corrected a typographical error on the Default on May 19, 2006.

2

filings may result in sanctions being imposed under Rule 11.  Id. at 6.  The Court gave Defendants until August 2, 2006, "to move properly to vacate the entry of default."  Id. at 7.

On August 2, 2006, Defendants, through counsel, moved again to vacate the entry of default.  In support of their motion, Defendants stated as 'facts': "Plaintiff did not accomplish service of process against Defendants[,]" Defendant's Motion and Supporting Memorandum to Vacate Entry of Order of Default ("Defendants' Second Motion to Vacate"), ¶ 3; "Childress only learned of the instant litigation on May 17, 2006, when she received a Notice of Entry of Default…by mail, from the Court[,]" id. ¶ 5; "Unbeknownst to Childress, this Court had … entered an order on July 5, 2006, permitting Defendants to re-file a Motion to Vacate the Entry of the Order of Default along with a Verified Answer on or before August 2, 2006," id. ¶ 12; and that "Defendant Childress did not receive the Order [deny Defendant's motion to vacate and permitting them to properly move to vacate the entry of default not later than August 2] until counsel . . . checked PACER for the status of this action and Advised Defendants of the July 5th Order[,]" id. ¶ 12. [3]

### ARGUMENT

Though default judgments are not favored by the courts, a "workable system of justice requires that litigants not be free to appear at their pleasure." Cessna Finance Corp. v. Bielenberg Masonry Contracting, 715 F.2d 1442, 1444 (10th Cir. 1983).  As the Fifth Circuit noted, "the basic purpose of default judgment is to protect parties from undue delay-harassment[.]" Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975)

---

[3] Defendants, through counsel, also claim that "[o]n June 20, 2006, Plaintiff filed a sur-reply to Defendant's Motion [to Vacate Default]." Defendants' Second Motion To Vacate, ¶ 10. Plaintiff did no such thing. Rather, as both the docket sheet and the pleading itself reflect, Plaintiff submitted its Response to Order to Show Cause on June 20, 2006, as required by the Court's Order.

(quoted in American Alliance Insurance Co., Ltd., v. Eagle Insurance Co., 92 F.3d 57, 61 (2d Cir. 1996)).

Fed.R.Civ.P. 55(c) provides that a court may set aside an entry of default for good cause shown. Courts determine whether defendants have met their burden of showing "good cause" to set aside a default by balancing "whether: (1) the default was willful, (2) the alleged defense was meritorious, and (3) a set-aside would prejudice plaintiff." International Painters and Allied Trades Union and Industry Pension Fund v. H.W. Ellis Painting Company, Inc., 288 F.Supp.2d 22, 26 (D.D.C. 2003); see Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988) (moving party bears burden). "A finding of bad faith is not a necessary predicate to the conclusion that a defendant acted 'willfully.' The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." Int'l Painters, 288 F.Supp.2d at 26 (citations omitted). "Moreover, the particular equities of the case must weigh in favor of vacating the default." Boron v. West Texas Exports, Inc., 680 F.Supp. 1532, (S.D.Fla. 1988) (citation omitted).[4]

Defendants, through counsel, assert that their default was not willful. They allege that Childress (but not Strongheart) diligently filed numerous pleadings "as soon as Childress received notice of the Entry of Default …, which was the first time Childress learned of the instant action." Defendants' Second Motion to Vacate, pg. 3. Incredibly, Defendants continue to flatly deny ever receiving the complaint or summons. This false

---

[4] A court may also weigh "the burden on its docket, the legitimate reliance on the default by the nonmoving party, and the policy considerations favoring termination of stalled litigation against the possibility of injustice based, in part, upon the substantive merits of the nonmovant's clams and the moving party's proffered excuses for the default." Swaim v. Moltan Co., 73 F.3d 711, 722 (7th Cir. 1996) (citation omitted).

4

assertion already has been rejected by the Court.  See Order of June 5, 2006 (rejecting Childress' assertions and holding that service of process was effective).  Indeed, as noted *supra*, the Court went so far as to warn Defendant Childress, who was then *pro se*, that further false filings might result in sanctions.  Yet Defendants, even after having retained counsel and reviewed the Court's Order, boldly continue to falsely represent to the Court that they were not served.  Given Defendants' unabashed pattern of misleading and attempting to perpetrate a fraud upon this Court, this renewed motion must be denied.  There can be no doubt that Defendants' default is willful, and that this motion is made in bad faith.  Cf. Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987) ("If a default is entered as a result of a defendant's culpable [willful] conduct, however, we need not consider whether a meritorious defense was shown, or whether the plaintiff would suffer prejudice if the judgment were set aside." (citations omitted)).

Defendants fail to demonstrate a meritorious defense, supported by actual facts.  Instead, they make blanket denials and allegations of fact unsupported by evidence.  Though they "need not establish [their] defense conclusively, [defendants] must present evidence of facts that, if proven at trial, would constitute a complete defense."  New York v. Green, 420 F.3d 99, 108 (2d Cir. 2005) (quotation and citation omitted).  Defendants "must present more than conclusory denials when attempting to show the existence of a meritorious defense."  Id. at 110 (quotation and citation omitted); see also Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.2d 922, 926 (2004) (same).  Defendants having failed to produce any credible evidence supporting a meritorious defense, this factor weighs in favor of denying the motion to vacate.

Defendants once again attempt to mislead the Court, stating that "Plaintiff **never**

5

argued in its Opposition that it would suffer prejudice by a set-aside of the Default." Defendants' Second Motion to Vacate, pg. 4 (emphasis original). This is, once again, untrue. As Defendants recognize in the very same paragraph of their brief, Plaintiff properly cited International Painters in its first Opposition for the proposition that "although delay in and of itself does not constitute prejudice, forcing a party to expend further time and money to collect on a claim as to which there are no meritorious defenses unfairly prejudices plaintiff to some degree." Int'l Painters, 288 F.Supp.2d at 31 (internal quotations and citations omitted) (cited in Plaintiff's Opposition to Motion to Vacate, at 5). Indeed, even without a showing of actual prejudice, the D.C. Circuit has held that "prejudice . . . from unreasonable delay may be presumed and [] there is no hard and fast requirement that the party aggrieved by such unreasonable delay always presents specific evidence of the exact nature of the prejudice." Shea v. Donohoe Construction Co., Inc., 795 F.2d 1071, 1075 (D.C.Cir. 1986) (quotations and citations omitted) (addressing standard for dismissal of action). Given the more than eleven months which have passed since Plaintiff served Defendants with the Complaint in this action, prejudice may be presumed. This factor, too, weighs in favor of denying Defendants' motion to vacate.

## CONCLUSION

Having deceived the Court at every turn, Defendants once again submit a false and misleading pleading. They do not stop there though, but instead seek to re-litigate issues decided by this Court only a month ago. It simply "escapes [Plaintiff] how a party against whom default had been entered could ask for equity while lying to the Court." Boron, 680 F.Supp. at 1535. As shown herein, the equities tilt overwhelmingly in favor

6

of denying Defendants' motion. For all of the foregoing reasons, Plaintiff Roosevelt Land LP respectfully submits this Memorandum of Points and Authorities in Opposition to Defendants' Motion to Vacate Entry of Order of Default and urges this Honorable Court to deny Defendant Defendants' Motion to Vacate Entry of Order of Default.

Dated: 17 August 2006          Respectfully submitted,


_____/s/_____
William F. Boyer (D.C. Bar No. 479421)
SHARP & ASSOCIATES
1215 19th Street, NW
Washington, DC 20036
Telephone: (202) 467-4114
Facsimile: (202) 467-1625

*Counsel for Plaintiff*

**CERTIFICATION OF SERVICE**

    I, William F. Boyer, counsel for Plaintiff Roosevelt Land LP, caused a true copy of the Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Vacate Entry of Order of Default, to be served via U.S. Mail, postage prepaid, first class, on: Stephen M. Seeger and Corie M. Thornton, Quagliano & Seeger, P.C., 2620 P Street, N.W., Washington, D.C. 20007.

    Dated: 17 August 2006

_____/s/_____
William F. Boyer