UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROOSEVELT LAND LP,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 05-1292 (RWR) |
| v. | ) | |
| | ) | |
| **CHRIS CHILDRESS,** *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION TO
<u>DEFENDANTS' MOTION TO VACATE ENTRY OF ORDER OF DEFAULT</u>**

Defendants Chris Childress ("Childress") and Strongheart Enterprises ("Strongheart") (collectively "Defendants"), by and through counsel Quagliano & Seeger, P.C., and pursuant to Local Rule 7(d), file this Reply to Plaintiff Roosevelt Land LP's ("Plaintiff") Memorandum of Points and Authorities in Opposition to Defendants' Motion to Vacate Entry of Order of Default. In support thereof, Defendants state as follows:

**I.   Defendants neither willfully nor in bad faith failed to file a responsive pleading.**

Defendants never willfully failed to timely file a responsive pleading in the instant litigation. Plaintiff, however, argues that Defendants have "deceived the Court at every turn" by continuing to deny that Defendants were properly served. Defendants maintain that they have not deceived this court and that at all times relevant hereto, Defendants believed that service of process was not achieved. (<u>See</u> Declaration of Chris Childress, **Exhibit 1**). Defendants maintain their position that they were not personally served on

August 24, 2005.  In support of this position, Defendants attach and incorporate by reference the declarations of Defendant Childress and Kimberly Richards as **Exhibits 1** and **2**, respectively.

Defendants have not wavered in their position that they believed proper service was not achieved.  Specifically, Defendants filed the first motion to vacate default on May 19, 2006.  (See Dkt. Entry #9).  In this first motion, Childress states that she "did not receive this summons and [Childress] never spoke with anyone who was trying to deliver a summons."  Id.  Defendants then filed a Memorandum of Points and Authorities in Support of Defendants' Motion to Vacate Entry of Default.  (See Dkt. Entry #12).  In Defendants' first Memorandum, Defendants maintained that they were not properly served.  Id.  Defendants yet again maintained this position in the most recent Motion (Dkt. Entry #18) and continue to maintain that they were never served in this matter.  (See, Declaration of Chris Childress, **Exhibit 1**).

## II. Defendant Strongheart was a sole proprietorship and has been involved in this instant litigation through Defendant Childress.

In Plaintiff's Opposition to Defendants' Motion to Vacate the Entry of Order of Default, Plaintiff points out that Strongheart did not separately file pleadings in the present action and seems to suggest that Strongheart, as a separate legal entity, is required to do so.  (See Plaintiff's Opposition at p. 4, ¶¶ 3 and 4).  However, at the time this action was commenced and during the time Defendants performed construction services on behalf of Plaintiff, Strongheart was not a separate legal entity. Strongheart was a sole proprietorship owned and operated by Childress.  (See Declaration of Chris Childress, **Exhibit 1**, ¶¶ 3 and 4).  As the owner and president of Strongheart, Childress is authorized to file pleadings on behalf of Strongheart.

"In a sole proprietorship, 'a single natural person makes all the decisions [and] is personally responsible for payment of all debts of the business and is entitled to all profits'. . ." Pritchett v. Stillwell, 604 A.2d 886, 889 (D.C.1992), *quoting* A. Bromberg & L. Ribstein, Bromberg and Ribstein on Partnership § 1.01, at 1:2 (1991). "[A] sole proprietorship has no legal identity separate from that of the individual who owns it . . . The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his or her obligations" Vernon v. Schuster, 688 N.E.2d 1172, 1177 (Ill.1997) (citations omitted). As such, the owner and sole proprietor may therefore act on behalf of the sole proprietorship in a legal proceeding. Id.

Plaintiff ignores the general rule that a sole proprietorship shares an identity with its owner by suggesting that Strongheart failed to retain counsel and/or file pleadings on its own behalf. Id. Plaintiff overlooks the fact that Childress participated in the instant action not only as herself, but also on behalf of Strongheart. Childress properly acted on behalf of Strongheart because Strongheart was a sole proprietorship at the time Defendants performed construction services for the Plaintiff **and** at the time this action was commenced. Id. Strongheart did not become a registered business entity until April 14, 2006. Id. Childress' pleadings filed in the instant action properly included and were filed on behalf of Childress **and** Strongheart.

### III.    Defendants have presented facts sufficient to defend against Plaintiff's complaint.

Despite Plaintiff's argument to the contrary, Defendants do not advance a defense limited to "blanket denials and allegations of fact unsupported by evidence." (See Plaintiff's Opposition at p. 5). In the Motion to Vacate Entry of Order of Default,

Defendants sets forth a number of defenses which she seeks to raise in the instant action. In the District of Columbia, a "meritorious defense" exists

> if it 'contain[s] 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense.' Harris v. District of Columbia, 159 F.R.D. 315, 317 (D.D.C. 1995) (citation omitted).

In Harris, the United States District Court for the District of Columbia determined that defendants, the District of Columbia and certain government officials, proffered a meritorious defense when seeking to vacate the entry of an order of default. Id.[1] Specifically, defendants raised two particular defenses to a prison inmate's allegation that defendants' violated his Eighth Amendment rights by failing to administer proper medical treatment to plaintiff. Id. at 316. Defendants raised two defenses: (1) plaintiff failed to allege "a pattern of medical indifference;" and (2) defendants "provided continuous medical treatment to plaintiff and have not been indifferent to plaintiff's medical needs." Id. at 317 (internal citations omitted). Based on these defenses, the District Court vacated the entry of default against defendants and permitted defendants additional time to file a responsive pleading to the plaintiff's complaint. Id.

As in Harris, Defendants maintain a number of substantive defenses to Plaintiff's claims. As set forth in their Motion, Defendants are prepared to present evidence supporting the value of the work performed by Defendants on behalf of Plaintiff. In addition, Defendants are prepared to provide further evidence that a final balance remains

---

[1] In Harris, the District Court considered the defendants' failure to respond to the plaintiff's complaint, request for entry of default, to properly attached a verified answer to its Motion to Vacate Entry of Default, and found that defendants' willfully failed to file a responsive pleading. Harris, 159 F.R.D. at 317. Despite this finding, the District Court opined that it was "reluctant to decide [the] case on procedural grounds rather than the substance of the allegations, '[g]iven the strong policies favoring the resolution of genuine disputes on their merits." Id. (citation omitted).

due and owing to Defendants for the construction services performed thus far for Plaintiff. Defendants have therefore presented meritorious defenses which favor the setting aside the Order of the Entry of Default. (See, Harris, 159 F.R.D. 315, 317).

## CONCLUSION

Based on the foregoing Reply, Defendants request that this Honorable Court enter an order vacating the Order of Entry of Default and permitting Defendants to file their Verified Answer.[2]

**Dated:     August 28, 2006**          Respectfully submitted,

**QUAGLIANO & SEEGER, P.C.**

/s/ Corie M. Thornton

Stephen M. Seeger, Bar No.: 431258
Corie M. Thornton Bar No.: 496392
2620 P Street, NW
Washington, DC 20007
Tel.   (202) 822-8838
Fax.   (202) 822-6982
**Counsel for Defendants**
**Chris Childress & Strongheart Enterprises**

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing Reply was served electronically on August 28, 2006, upon:

James E. Sharp, Esq.
William Flint Boyer
Sharp & Associates
1215 19th Street, N.W.
Washington, DC 20036

---

[2] Defendants' Verified Answer is attached as **Exhibit 1** to Defendants' Motion to Vacate Entry of Order of Default.

        **Counsel for Plaintiff**
        **Roosevelt Land LP**

/s/ Corie M. Thornton
_____
Corie M. Thornton