UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROOSEVELT LAND LP,** )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>**CHRIS CHILDRESS,** *et al.*, )<br>)<br>Defendant. )<br>) | Civil Action No.: 05-1292 (RWR) |

### DEFENDANT'S PROPOSED RULE 16.3 REPORT

COME NOW, Defendants Chris Childress and Strongheart Enterprises, by and through counsel, Quagliano & Seeger, P.C., pursuant to Local Rule 16.3, hereby submit the following Report:[1]

### LOCAL RULE 16.3

### Statement of the Case

This case involves a construction dispute. Plaintiff Roosevelt Land LLP ("Roosevelt") entered into an agreement Chris Childress d/b/a Strongheart Enterprises ("Strongheart"), a general contractor, whereby Roosevelt agreed to pay for, and Strongheart agreed to perform, certain specified construction services to remodel the second floor of Roosevelt's office building located at 1215 19th Street, N.W, Washington, D.C.

---

[1] Counsel for Defendant certifies that efforts were made to ensure Plaintiff's participation in this report. Counsel for Plaintiff, however, did not respond to counsel for Defendant's telephone calls and electronic mail, which included this document. Counsel Defendant therefore submits this Proposed Joint Discovery Plan and accompanying proposed order to avoid any sanctions by this Court for failure to meet the deadlines set forth in the LCvR 16.3.

Roosevelt commenced this action on or about June 28, 2005. Roosevelt asserts claims for fraud, conversion, breach of contract and violations of DC ST § 28-3904 arising out of its agreement with Strongheart. Strongheart denies the allegations set forth in Roosevelt's complaint and relies on its responses and affirmative defenses set forth in its Answer.

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

**REPORT**: A dispositive motion has not yet been filed. It is unknown at this time whether this case is likely to be disposed of by dispositive motion.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

**REPORT**: The parties shall join other parties or amend the pleadings as provided by the Federal Rules of Civil Procedure and the Local Rules of this Court. The parties believe some of the factual and legal issues can be agreed upon or narrowed.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

**REPORT**: No.

**(4) Whether there is a realistic possibility of settling the case.**

**REPORT**: Unknown; however, mediation may be helpful.

**(5)** Whether the case could benefit from the Court's alternate dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

- a. The clients goals in bringing or defending the litigation;

- b. Whether settlement talks have already occurred and, if so, why they did not produce an agreement;

- c. The point during the litigation when ADR would be the most appropriate, with special consideration given to:

    - i. Whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

    - ii. Whether ADR should take place before or after the judicial resolution of key legal issues;

- d. Whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

- e. Whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

**REPORT**: Mediation according to the Court's established ADR processes will be considered.

**(6)** Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**REPORT**: Unknown.

**(7)    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

<u>REPORT</u>:  The initial disclosures required by Rule 26(a)(1), F.R.Civ.P., shall not be dispensed with, or changed in scope, form or timing.

**(8)    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, durations of deposition); whether a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.**

<u>REPORT</u>:  The following discovery schedule is proposed:

a. <u>Deadline for serving Written Discovery Requests</u> shall be February 14, 2007;

b. <u>Deadline for Proponent's Rule 26(a)(1) statements and reports</u> shall be December 6, 2006;

c. <u>Deadline for Opponent's 26(a)(1) statements and reports</u> shall be December 20, 2006;

d. <u>Deadline for Proponent's Rule 26(a)(2) statements and reports</u> shall be January 20, 2007;

e. <u>Deadline for Opponent's 26(a)(2) statements and reports</u> shall be February 19, 2007;

f. <u>All discovery including depositions of experts</u> shall be completed by March 19, 2007;

  g. <u>Deadline for filing dispositive motions</u> shall be April 20, 2007; and

  h. Except as otherwise provided herein, discovery shall be conducted in accordance with Federal Rules of Civil Procedure and the Local Rules of this Court.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

<u>**REPORT**</u>: Except as otherwise provided herein as to the dates of disclosures, the requirements of Federal Rule of Civil Procedure 26(a) shall not be modified.

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or evidentiary hearing on the motion and a proposed date for decision.**

<u>**REPORT**</u>: Not applicable.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

<u>**REPORT**</u>: The administration of this case would not be facilitated by bifurcation or phasing.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

<u>**REPORT**</u>: A date convenient to the Court in early May 2007, or as soon as possible thereafter.

**(13)   Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

**REPORT:**  The trial date may be set at the pretrial conference.

**Dated:**         November 6, 2006                    Respectfully submitted,

**QUAGLIANO & SEEGER, P.C.**

/s/ Corie M. Thornton
_____
Stephen M. Seeger, Bar No.: 431258
Corie M. Thornton Bar No.:  496392
2620 P Street, NW
Washington, DC 20007
Tel.   (202) 822-8838
Fax.   (202) 822-6982
**Counsel for Defendant**

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served electronically and by first class mail, postage pre-paid on November 6, 2006, upon:

James E. Sharp, Esq.
William Flint Boyer, Esq.
Sharp & Associates
1215 19th Street, N.W.
Washington, DC 20036

/s/ Corie M. Thornton
_____
Corie M. Thornton